UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JONATHAN MUNT, GLORIA J. HARMON,
and SANDRA M. WINGERS, individually,
and as Representatives of a Class of
Participants and Beneficiaries of the
WEC Energy Group Employee Retirement
Savings Plan,

        Plaintiffs,

   v.

WEC ENERGY GROUP, INC., and
WISCONSIN ENERGY INVESTMENT TRUST
POLICY COMMITTEE,

        Defendants.

Case No. 2:22-cv-00555-JPS

Hon. J P Stadtmueller

---

**DEFENDANTS' MOTION TO FILE CONFIDENTIAL INFORMATION AND
DOCUMENTS AS RESTRICTED DOCUMENTS**

---

Pursuant to Gen. L.R. 79(d), Defendants WEC Energy Group, Inc. ("WEC") and the Wisconsin Energy Investment Trust Policy Committee ("ITPC") (collectively, "Defendants"), by and through their undersigned counsel, hereby request that certain information stated in Defendants' Memorandum in support of their Combined Motion to Dismiss and for Summary Judgment, as well as certain Exhibits attached to the Declaration of Megan Troy in Support of Defendants' Motion for Summary Judgment and the Declaration of Megan Troy regarding Compliance with the Court's Pretrial Procedures Order, be filed as Restricted Documents.

In support of this motion, Defendants state as follows:

1. On July 1, 2022, the Parties filed a Joint Motion for Entry of a Protective Order and Confidentiality Agreement. ECF No. 14.

2. On July 7, 2022, the Court granted the Parties' Motion for Protective Order and further provided instructions on motion practice involving the Parties seeking to have documents filed either as "restricted" or "sealed." ECF No. 16.

3. Defendants have produced documents and information that have been designated CONFIDENTIAL pursuant to the Protective Order and Confidentiality Agreement throughout the course of this litigation. This includes information that reveals sensitive commercial and financial information that Defendants, Fidelity (not a party to this action), and Robert W. Baird & Co. Inc. ("Baird") maintain as confidential.

4. Defendants request that the below information and documents be filed as restricted documents to maintain confidentiality:

***Defendants' Memorandum in support of their Combined Motion to Dismiss and for Summary Judgment***

- Defendants' Memorandum in support of their Combined Motion to Dismiss and for Summary Judgment contains references to information concerning: (1) Fidelity's recordkeeping services pricing and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential; (2) recordkeeping services pricing and the structure of payment from other third party recordkeepers, which is sensitive commercial and financial information that Defendants and other third parties maintain is confidential; and (3) Defendants', Baird's, and Fidelity's analysis concerning investments offered in

- WEC's 401(k) plans' line-up, which is sensitive commercial information with proprietary analysis that Defendants, Baird, and Fidelity maintain is confidential.

- Exhibit A to Defendants' Memorandum is the Recordkeeping Agreement between WEC and Fidelity. This document contains information concerning the pricing of Fidelity's recordkeeping services and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential.

- Exhibit B to Defendants' Memorandum is a "Statement of Services and Compensation for the WEC Energy Group Employee Retirement Savings Plan," otherwise referred to as a 408(b)(2) Disclosure. This document contains information concerning the pricing of Fidelity's recordkeeping services and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential.

***Declaration of Megan Troy in support of Defendants' Motion for Summary Judgment***

- Exhibits 2 through 7 to the Declaration are a "Statements of Services and Compensation for the WEC Energy Group Employee Retirement Savings Plan," otherwise referred to as 408(b)(2) Disclosures. These documents contain information concerning the pricing of Fidelity's recordkeeping services and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential.

- Exhibit 9 to the Declaration are Amendments to the Contract for Investment Consulting services between WEC and Baird. These documents contain

- information concerning the pricing of Baird's investment consulting services and the structure of payment, which is sensitive commercial and financial information that Defendants and Baird maintain is confidential.

- Exhibits 10 through 36 to the Declaration are Minutes of the ITPC Quarterly Meetings and excerpts from Materials provided to the ITPC in connection with those meetings. These documents contain information about (1) Defendants', Baird's, and Fidelity's analysis concerning investments offered in WEC's 401(k) plans' line-up, which is sensitive commercial information with proprietary analysis that Defendants, Baird, and Fidelity maintain is confidential; (2) Fidelity's recordkeeping services pricing and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential; and (3) recordkeeping services pricing and the structure of payment from other third party recordkeepers, which is sensitive commercial and financial information that Defendants and other third parties maintain is confidential.

- Exhibits 37 through 39 to the Declaration are excerpts from deposition transcripts, which have been designated as Confidential pursuant to the Protective Order.

- Exhibit 40 to the Declaration are excerpts from March 7, 2023 Deposition of Kevin Brannick. Mr. Brannick is a Fidelity employee. Fidelity and Mr. Brannick are not parties to this action. The deadline to submit Confidentiality Designations for this transcript is April 13, 2023 and filing the entirety of the excerpts as a restricted document allows the Parties to maintain confidentiality while they designate portions of the transcript as confidential. In addition, the transcript excerpts contain information concerning the pricing of Fidelity's recordkeeping services and the

- structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential.

- Exhibits 41 and 42 to the Declaration are the Recordkeeping Agreement and Trust Agreement between WEC and Fidelity. These documents contain information concerning the pricing of Fidelity's recordkeeping services and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential.

- Exhibits 43 through 49 to the Declaration are Minutes of WEC's Board of Director Finance Committee Meetings and excerpts from Materials provided to the Finance Committee in connection with those meetings. These documents contain information about (1) Defendants', Baird's, and Fidelity's analysis concerning investments offered in WEC's 401(k) plans' line-up, which is sensitive commercial information with proprietary analysis that Defendants, Baird, and Fidelity maintain is confidential; and (2) Fidelity's recordkeeping services pricing and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential.

- Exhibits 50 through 55 to the Declaration are email correspondence and drafts of the Recordkeeping Agreement between WEC and Fidelity. These documents contain information concerning the pricing of Fidelity's recordkeeping services and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential.

- Exhibit 56 to the Declaration are a July 2018 Request for Information for recordkeeping services and responses from Fidelity, T. Rowe Price, and Vanguard.

- These documents contain information concerning the pricing of Fidelity, T. Rowe Price, and Vanguard's recordkeeping services and the structure of payment, which is sensitive commercial and financial information that Defendants, Fidelity, T. Rowe Price, and Vanguard maintain is confidential.

- Exhibits 57 and 58 to the Declaration are email correspondence and attached benchmarking reports. These documents contain information concerning the pricing of Fidelity's recordkeeping services and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential.

- Exhibits 61 through 65 to the Declaration are email correspondence and attached materials that contain information about Defendants', Baird's, and Fidelity's analysis concerning investments offered in WEC's 401(k) plans' line-up, which is sensitive commercial information with proprietary analysis that Defendants, Baird, and Fidelity maintain is confidential.

***Declaration of Megan Troy regarding Compliance with the Court's Pretrial Procedures Order***

- Exhibit B to the Declaration is the Joint Statement of Undisputed Facts as agreed to by the Parties. This Exhibit contains references to information concerning: (1) Fidelity's recordkeeping services pricing and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential; (2) recordkeeping services pricing and the structure of payment from other third party recordkeepers, which is sensitive commercial and financial information that Defendants and other third parties maintain is

confidential; and (3) Defendants', Baird's, and Fidelity's analysis concerning investments offered in WEC's 401(k) plans' line-up, which is sensitive commercial information with proprietary analysis that Defendants, Baird, and Fidelity maintain is confidential.

- Exhibit C to the Declaration is Defendants' Statement of Proposed Material Facts pursuant to Local Civil Rule 56(b)(1)(C). This Exhibit contains references to information concerning: (1) Fidelity's recordkeeping services pricing and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential; (2) recordkeeping services pricing and the structure of payment from other third party recordkeepers, which is sensitive commercial and financial information that Defendants and other third parties maintain is confidential; and (3) Defendants', Baird's, and Fidelity's analysis concerning investments offered in WEC's 401(k) plans' line-up, which is sensitive commercial information with proprietary analysis that Defendants, Baird, and Fidelity maintain is confidential.

- Exhibit D to the Declaration is the Cumulative Statement merging the Joint Statement of Undisputed Fact (in black font) and Defendants' Statement of Proposed Additional Facts (in green font). This Exhibit contains references to information concerning: (1) Fidelity's recordkeeping services pricing and the structure of payment, which is sensitive commercial and financial information that Defendants and Fidelity maintain is confidential; (2) recordkeeping services pricing and the structure of payment from other third party recordkeepers, which is sensitive commercial and financial information that Defendants and other third

parties maintain is confidential; and (3) Defendants', Baird's, and Fidelity's analysis concerning investments offered in WEC's 401(k) plans' line-up, which is sensitive commercial information with proprietary analysis that Defendants, Baird, and Fidelity maintain is confidential.

5. Defendants request to restrict information and documents only to the extent necessary to maintain the confidentiality of sensitive commercial and financial information. This request is made in good faith as the information sought to be restricted is maintained as confidential not only by WEC but also Fidelity, Baird, T. Rowe Price, and Vanguard, who are not parties to this litigation.

6. Pursuant to Gen. L.R. 79(d)(4), Defendants have conferred with Plaintiffs to limit the scope of the information and documents subject to restrictions and they do not oppose Defendants' request.

WHEREFORE, Defendants respectfully request that the unredacted versions of the Memorandum in support of Defendants' Combined Motion to Dismiss and for Summary Judgment Defendants' Opposition, and Exhibits A and B thereto; Exhibits 2 through 7, 9 through 58, and 61 through 65 to Declaration of Megan Troy in support of Defendants' Motion for Summary Judgment; and the unredacted versions of Exhibits D through G to Declaration of Megan Troy regarding Compliance with the Court's Pretrial Procedures Order be designated as Restricted Documents pursuant to Gen. L.R. 79 and this Court's procedures.

Dated: March 31, 2023                                     Respectfully submitted,

<u>/s/Megan E. Troy</u>
Nancy G. Ross
Megan E. Troy, SBN 1074012
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
nross@mayerbrown.com
mtroy@mayerbrown.com

Alex C. Lakatos
Mayer Brown LLP
1999 K St NW
Washington, DC 20006
(202) 263-3312
alakatos@mayerbrown.com

Patrick J. Murphy, SBN 1070825
Nathan J. Oesch, SBN 1101380
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
(414) 227-5000
Patrick.Murphy@quarles.com
Nathan.Oesch@quarles.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 31, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Megan E. Troy*
Megan E. Troy