UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JONATHAN MUNT, et al.,

       Plaintiffs,                                         Case No. 2:22-cv-00555-JPS

       v.

WEC ENERGY GROUP, INC., et al.

       Defendants

## PLAINTIFFS' MOTION TO FILE CONFIDENTIAL INFORMATION AND DOCUMENTS AS RESTRICTED DOCUMENTS

       Pursuant to Gen. L.R. 79(d), Plaintiffs, Jonathan Munt, Gloria J. Harmon, and Sandra M. Wingers, individually and as representatives of a Class of Participants and Beneficiaries of the WEC Energy Group Employee Retirement Savings Plan (the "Plan" or "WEC Energy Plan"), by and through their counsel, Walcheske & Luzi, LLC, hereby moves the Court for an order designating certain documents and information set forth in Plaintiffs' Memorandum in Opposition to Defendants' Combined Motion to Dismiss and for Summary Judgment (Plaintiffs' Memorandum in Opposition"), as well as certain Exhibits attached to the Declaration of Paul M. Secunda, as restricted documents.

       Plaintiffs' Motion to File Confidential Information and Documents as Restricted Documents is based on the following information:

       1.     On July 1, 2022, the parties filed a Stipulated Protective Order in this matter, (ECF No. 14), which was approved by this Court on July 7, 2022. (ECF No. 16.)

       2.     Pursuant to the Stipulated Protective Order, certain documents must be designated as confidential, including information that reveals trade secrets, research, technical, commercial, or financial

information that the party has maintained as confidential. (ECF No. 16.) Accordingly, when said documents are designated as confidential, the parties must move the Court to file the documents as either "restricted" or "sealed." (*Id.*)

3. Over the course of this litigation, the parties have exchanged documents and information that have been designated as confidential. The parties have also elicited deposition testimony that is worthy of such a designation.

4. Plaintiffs' Memorandum in Opposition contains sensitive commercial and financial information that Defendants and Fidelity (the Plan's recordkeeper) have indicated that they maintain as confidential. This includes internal analyses and RKA pricing, participant fees, and payment structure. Accordingly, all documents containing such confidential information have been redacted for purposes of publicly filing Plaintiffs' Memorandum in Opposition.

5. The Exhibits attached to the Declaration of Paul M. Secunda contain sensitive trade secrets, research, technical, commercial, or financial information that Plaintiffs, Defendants, Fidelity, and Baird (the Plan's investment consultant) have indicated that they maintain as confidential. Thus, the below documents have been redacted for purposes of publicly filing the Declaration of Paul M. Secunda and corresponding Exhibits.

- Exhibit B to the Declaration is an email exchange between myself and Defendants' counsel, Megan Troy, regarding the Parties' Agreed-Upon Statement of Facts for Purposes of Summary Judgment. This document contains Fidelity's RKA pricing, participant fees, and pay structure, which Defendants and Fidelity have indicated that they maintain as confidential. This document also includes the RKA services pricing and payment structure of other recordkeepers, which Defendants and other third parties have indicated that they maintain as confidential.

- Exhibits 1-7 to the Declaration are excerpts from deposition transcripts, which have been designated as confidential pursuant to the Stipulated Protective Order. (ECF No. 16.) Exhibit 4 is the March 7, 2023 Deposition Transcript of Kevin Brannick. Mr. Brannick is an employee of Fidelity and a non-party to this action. In compliance with the April 13, 2023 deadline, Fidelity's counsel, Greg Comeau, outlined specific documents and information that contains sensitive financial and commercial information that Fidelity indicates it maintains as confidential.

- Exhibit 8 is the Expert Report of Michael Geist dated November 1, 2022. Mr. Geist is Plaintiffs' expert witness. This document discloses sensitive research, technical, commercial, and financial information concerning the Plan's and other third-party recordkeepers' RKA pricing, fees, and payment structures that Mr. Geist and said third parties indicate that they maintain as confidential.

- Exhibit 9 to the Declaration is a Fiduciary Decisions Report. This contains sensitive financial and commercial information about Fidelity's analysis regarding its RKA services and fees charged to the Plan, which Defendant and Fidelity indicated that they maintain as confidential.

- Exhibits 10-13 to the Declaration are Fidelity's fee transparencies. These documents contain sensitive financial and commercial information that Fidelity and Defendants have indicated that they maintain as confidential.

- Exhibits 14 and 15 to the Declaration are Minutes from WEC's Investment Trust Policy Committee meetings, Minutes from WEC's Board of Director Finance Committee Meetings, and materials distributed in connection with said meetings. These documents disclose sensitive financial and commercial information about Defendants', Fidelity's, and Baird's (Defendants' investment consultant) analyses regarding the Plan's investment options and

line-up, which Defendants, Fidelity, and Baird indicate that they maintain as confidential. These documents also disclose commercial and financial information about Fidelity's RKA services pricing, fees, and payment structure, which Defendants and Fidelity indicate that they maintain as confidential.

- Exhibit 16 to the Declaration is the Expert Report of Gerald W. Buetow, Jr., dated February 1, 2023. Dr. Buetow is Plaintiffs' expert witness. This document discloses sensitive research, technical, commercial, and financial information concerning the Plan's and other third-parties' investment options that Dr. Buetow and said third parties indicate that they maintain as confidential.

6. Therefore, Plaintiffs respectfully request that the unredacted version of Plaintiffs' Memorandum in Opposition to Defendants' Combined Motion to Dismiss and for Summary Judgment, as well as certain Exhibits attached to the Declaration of Paul M. Secunda, be designated as Restricted Documents, pursuant to the Stipulated Protective Order, and viewable only by the Court and any attorneys of record who have formally appeared in this action.

7. Plaintiffs request to restrict information and documents only to the extent necessary to maintain the confidentiality of sensitive commercial and financial information. This request is made in good faith as the information sought to be restricted is maintained as confidential not only by WEC but also by Fidelity, Baird, T. Rowe Price, and Vanguard, who are not parties to this litigation.

8. Pursuant to Gen. L.R. 79(d)(4), Plaintiffs have conferred with Defendants to limit the scope of the information and documents subject to restrictions and Defendants do not oppose Plaintiffs' request.

Dated this 1st day of May, 2023

                                      WALCHESKE & LUZI, LLC
                                      Counsel for Plaintiffs

                                      **s/ *Paul M. Secunda***
                                      James A. Walcheske, State Bar No. 1065635
                                      Scott S. Luzi, State Bar No. 1067405
                                      Paul M. Secunda, State Bar No. 1074127
                                      David M. Potteiger, State Bar No. 1067009
                                      Kirsten H. Hendra, State Bar No. 1099097

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: psecunda@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com
E-Mail: khendra@walcheskeluzi.com